# STATE OF FLORIDA v. DERZHANKO
## Case No. 84-084-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
April 2, 1985

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **G. Bart Billbrough,** Assistant Attorney General, for appellant.

**Bennett H. Brummer,** Public Defender, and **Henry Harnage,** Assistant Public Defender, for appellee.

Before SALMON, BARAD, FEDER, JJ.

## OPINION OF THE COURT

SALMON, J.

For the purpose of deciding this appeal, the facts of the case are simple: an officer who had probable cause to believe that the appellee was driving an automobile while under the influence of alcohol not only arrested him, but being qualified to do so, administered a breathalyzer test to the appellee. The trial court accepted the appellee's contention that an arresting officer may not also administer a breathalyzer test. Two reasons are suggested by appellee. The first is that section 316.1932, Florida Statutes (1983) prohibits an officer from performing both acts, because the statute directs that the test is incidental to the arrest and shall be administered at the request of an officer. The second reason is that if the same officer is permitted to both arrest and test the appellee, the appellee's due process rights would be violated, because such action violates fundamental fairness.

The question was raised by a motion to dismiss, stipulated to be a motion to suppress, which was granted, resulting in suppression of the test.

We have concluded that the language of the statute does not prohibit an arresting officer who possesses the qualifications to do so from administering the test, and that the failure of the statute to require separate persons to perform those acts does not, as a matter of law, violate the appellee's right to due process of law.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BARAD and FEDER, concur.